**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MONTPELIER US INSURANCE
COMPANY and MESA
UNDERWRITERS SPECIALTY
INSURANCE COMPANY, a foreign
corporation,

    Plaintiffs,

v.                                                  Case No. 3:18-cv-1530-J-32JRK

PORTOFINO OF ST. AUGUSTINE,
LLC., JOHNSON-GRAHAM-
MALONE, INC., OLD TOWN
VILLAGES CONDOMINIUM
ASSOCIATION, INC., A.J. JOHNS,
INC., BRADCORP FLORIDA II,
LLC., BUILDER SERVICES
GROUP, INC., HWZ, LLC,
STRANGE LATHING &
PLASTERING, INC., STANLEY
SMITH DRYWALL, INC., and JLH
ELECTRIC SERVICES, LLC,

    Defendants.

___

# **O R D E R**

This declaratory judgment action is before the Court on Defendant Old Town Villages Condominium Association, Inc.'s Motion to Dismiss, Or In the Alternative, Motion to Stay the First Amended Complaint for Declaratory Relief

(Doc. 26); Defendant Johnson-Graham-Malone, Inc.'s ("JGM") Motion to Dismiss, Or In the Alternative, Motion to Stay the First Amended Complaint for Declaratory Relief (Doc. 57); and Defendant A.J. Johns, Inc.'s Motion to Dismiss Count V of Plaintiffs' Amended Complaint (Doc. 72). Responses and supplemental authority were filed. (Docs. 39, 60, 84, 86).

First, the Court has reviewed the briefing and determined that the suit should proceed on Plaintiffs' claims in Counts I through V regarding whether they have a duty to defend.[1] However, the suit will be stayed as to the claims involving the duty to indemnify and other claims regarding coverage pending resolution of the Underlying Action, as defined in paragraph 29 of the First Amended Complaint.[2] (Doc. 14).

Next, A.J. Johns, a subcontractor, moves to dismiss Count V of Plaintiffs' Amended Complaint, (Doc. 14 ¶¶ 66-74), in which Plaintiffs seek a declaration as to whether the subcontract agreements between JGM, the general contractor, and the subcontractors obligate those subcontractors to defend and indemnify Portofino, the owner/developer, in the underlying action. (Doc. 84).

---

[1] While the parties requested dismissal or a stay as to Counts I-IV, because Count V also contains a request for declaratory judgment on the subcontractors' duty to indemnify Portofino, and some of the subcontractors filed answers (Docs. 49, 58, 78, 79), the Court will also stay claims regarding the duty to indemnify as to Count V.

[2] If the Court finds no duty to defend, ipso facto there will be no duty to indemnify.

Plaintiffs allege that the subcontractors agreed to provide defense and indemnification to JGM in relation to their work at the project. (Doc. 14 ¶ 67). Under a master contract, JGM agreed to defend and indemnify Portofino for its work, including the subcontractors' work, at the project. (Id. ¶ 68). Accordingly, Plaintiffs allege that the subcontractors' defense and indemnity obligations "ultimately pass through JGM to Portofino," which is entitled to defense and indemnification from each of the subcontractors in the underlying action. (Id. ¶ 69). Further, Plaintiffs, as insurers of Portofino, allege that they are third party beneficiaries of the foregoing contracts and are defending Portofino in the underlying action when they may have no obligation to do so. (Id. ¶ 70). As such, Plaintiffs ask the Court to declare whether the subcontracts and the master contract obligate the subcontractors to defend and indemnify Portofino. (Id. ¶ 72). In response, A.J. Johns argues that Plaintiffs lack standing to seek declaratory judgment in Count V, and the contract between A.J. Johns and JGM demonstrates that they struck the language which would have perhaps obligated A.J. Johns to defend and indemnify Portofino. (Doc. 72).

Whether a non-party to a contract has a legally enforceable right therein for standing purposes is a matter of state law. See Miree v. DeKalb Cnty., 433 U.S. 25, 29-33 (1977). "Under Florida law, a third party is an intended beneficiary of a contract between two other parties only if a direct and primary object of the contracting parties was to confer a benefit on the third party."

3

Bochese v. Town of Ponce Inlet, 405 F.3d 964, 982 (11th Cir. 2005). Without such a purpose, any benefit reaped by the third party is merely incidental, and that party has no legally enforceable rights under the contract. Id. Courts examine "the terms of the contract as a whole, construed in the light of the circumstances under which it was made and the apparent purpose that the parties are trying to accomplish" to understand the parties' intent. Id. (quotations and citation omitted). Intent must be "specific" and "clearly expressed" to confer a legally enforceable right. Id. (citation omitted).

Here, Plaintiffs lack standing as alleged third party beneficiaries to bring a declaratory judgment action regarding a contract that was not intended to benefit them.[3] Plaintiffs proclaim that not only Portofino, but they, too, are

---

[3] Plaintiffs rely primarily on Continental Casualty Co. v. City of South Daytona, 807 So. 2d 91 (Fla. Dist. Ct. App. 2002) to support their argument that they have standing to request declaratory judgment in Count V. (Doc. 84 at 5-7). However, in Continental, a Little League Association agreed to indemnify the City in the event of any claims arising from the Little League's use of the City's facilities. When a coach was injured and sued, the City's insurance was left defending the claim, and the City filed a declaratory judgment action against the Little League and its insurer. The court rejected the Little League insurer's argument that the City was not the real party in interest, and that the City's insurer was. The appellate court affirmed the lower court's finding that the agreement between the City and the Little League shifted exposure from the City's liability carrier to the Little League's liability carrier; the Little League's carrier should have defended the City in the underlying suit.

However, Continental is distinguishable from this case because the declaratory judgment action involved the City, the Little League, and their insurers. The case did not involve the attenuated relationships described here—an alleged incidental third party beneficiary (Portofino) and its insurers

4

third party beneficiaries of the subcontract between A.J. Johns and JGM. (Doc. 14 ¶ 70; Doc. 84 at 8). However, the Contract Terms provision in A.J. Johns and JGM's contract struck the language that arguably might have obligated A.J. Johns to Portofino. (Doc. 14-5 at 5). Specifically, the parties struck the following language:



(Doc. 14-5 at 5). Rather than confirm A.J. Johns and JGM's intent to benefit Portofino, these terms demonstrate the opposite: that they intended to disclaim A.J. Johns's purported obligations to Portofino. And regardless, the provision certainly does not establish that the parties intended to benefit Portofino's insurers—the Plaintiffs here.

Plaintiffs argue that "even in its modified form," the contract "unequivocally intended to confer a benefit on Portofino as it explicitly provides that the Subcontractors shall assume the requirements and conditions set forth

---

(Plaintiffs, also alleged to be third party beneficiaries).

in the Master Contracts, including but not limited to, the obligations of the Master Contracts as they concern the scope and quality of Subcontractor's work." (Doc. 84 at 9). However, Plaintiffs' argument makes little sense in light of the very modifications they acknowledge: that the responsibilities assumed in that provision obligate A.J. Johns to JGM only and strike any reference to Portofino. Moreover, Plaintiffs are not mentioned in the contract, and given that there is no evidence that the parties intended to benefit them, the Court cannot find that the contracting parties "clearly expressed a direct or primary intent to benefit" Plaintiffs, as Portofino's insurers. <u>Bochese</u>, 405 F.3d at 983-84.

Plaintiffs also argue that in the master contract, JGM has agreed to indemnify Portofino on behalf of itself and its subcontractors for all claims arising out of the work performed.[4] (Doc. 84 at 7, 9).

---

[4] Plaintiffs only cite "Exhibit C" without providing a page or paragraph number for reference. Exhibit C is broken into two docket entries and is nearly 200 pages long, so this citation is unhelpful. (Docs. 14-3, 14-4). Regardless, the Court performed a keyword search of the contract and assumes Plaintiffs refer to Section 3.18 Indemnification. (Doc. 14-3 at 96).

> **3.18 INDEMNIFICATION**
>
> 3.18.1 To the fullest extent permitted by law, the Contractor shall indemnity and hold harmless the Owner, Architect, Architect's consultants, and agents and employees of any of them from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from performance of the Work, provided that such claim, damage, loss or expense is attributable to bodily injury,
>
> sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself) including loss of use resulting therefrom, but only to the extent caused in whole or in part by negligent acts or omissions of the Contractor, a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, abridge, or reduce other rights or obligations of indemnity which would otherwise exist as to a party or person described in this Paragraph 3.18.

(Doc. 14-3 at 96). On this basis, Plaintiffs extrapolate that "Portofino is a third-party beneficiary of the subcontract agreements because the obligations assumed therein include the defense and indemnity obligations that are contained in the Master Contracts and that form the basis of the relief sought in Count V." (Doc. 84 at 9). This conclusion is simply too attenuated, particularly given that A.J. Johns and JGM's agreement struck A.J. Johns's obligations to Portofino. The remaining language obligates A.J. Johns to JGM but does not extend to Portofino. The Indemnification provision in the agreement between A.J. Johns and JGM supports this reading, as it pertains only to the subcontractor and contractor—with no mention of Portofino.

> **64. INDEMNIFICATION.** Subcontractor shall indemnify and hold harmless Contractor and all of its agents and employees from and against all claims, damages, losses, costs and expenses including attorney's fees arising out of or resulting from the performance of Subcontractor's work under this Agreement, provided that any such claim, damage, loss, cost or expense is (a) attributable to bodily injury, sickness, disease, or death, or to injury to or destruction of tangible property (other than the work itself) including the loss of use resulting therefrom, and (b) caused in whole or in part by any intentional or negligent act or omission of : (1) Subcontractor; (2) anyone directly or indirectly employed by Subcontractor; or (3) any of Subcontractor's sub-subcontractors, materialmen,
>
> suppliers, laborers or agents. This indemnification provision shall apply regardless of whether the claim, damage, loss, cost or expense is also caused in part by a party indemnified hereunder. However, the Subcontractor's liability to Contractor under the foregoing indemnity shall be limited to that portion or percentage of the damage, loss, cost or expense that is attributable to the fault of Subcontractor, its direct or indirect employees, sub-subcontractors, materialmen, suppliers, laborers or agents. To the extent that this indemnification provision or any part thereof is determined to be unenforceable, then Subcontractor agrees that it shall indemnify and hold Contractor harmless to the fullest extent permissible by applicable law.

(Doc. 14-5 at 62). There is simply no support for Plaintiffs' "pass through" argument, and Count V is due to be dismissed as to A.J. Johns, Inc.

Defendant Old Town Villages Condominium Association, Inc. also requests that the Court dismiss Count V on the grounds that Plaintiffs failed to join the subcontractors' insurers, which it argues are indispensable parties under Federal Rule of Civil Procedure 19. (Doc. 26 at 13-14). Plaintiffs respond that the subcontractors' insurers are not necessary to the case, as the "only persons with any interest in the contracts at issue are the Subcontractors, JGM, and Portofino, all of whom are named defendants." (Doc. 39 at 11).

As Old Town is not named in Count V, the Court questions whether it has grounds to move for dismissal of that count, though Plaintiffs did not raise the issue. Regarding the substance of Old Town's argument, it is true that in the heading of Count V, Plaintiffs parenthetically included the subcontractors' insurers, "Count V – The Subcontractors (And Their Insurers) Owe a Duty to

8

Defend and Indemnify Portofino," and paragraph 70 mentions that Plaintiffs have tendered the defense and indemnity of Portofino to the subcontractors "and their insurers." (Doc. 14 at 21 ¶ 70). However, the Court is not persuaded that it could not afford full relief to Plaintiffs (should they obtain a favorable ruling) in the absence of the subcontractors' insurers being parties to the case. As Plaintiffs argue, the basis of the subcontractors' alleged obligations to Portofino stems from their subcontracts with JGM, not the subcontractors' contracts with their insurers. (Doc. 39 at 12). Should Plaintiffs ultimately prevail on Count V, they would obtain a judgment against the subcontractors, which could be an insured claim. Moreover, the remaining subcontractors in the case have either answered the Amended Complaint (Docs. 49, 58, 78, 79), or have had clerk's default entered against them (Docs. 37, 59). On this basis, the Court finds Old Town's motion to dismiss Count V is due to be denied.

Accordingly, it is hereby

**ORDERED:**

1. Defendant Old Town Villages Condominium Association, Inc.'s Motion to Dismiss, Or In the Alternative, Motion to Stay the First Amended Complaint for Declaratory Relief, (Doc. 26), and Defendant Johnson-Graham-Malone, Inc.'s Motion to Dismiss, Or In the Alternative, Motion to Stay the First Amended Complaint for Declaratory Relief, (Doc. 57) are **GRANTED in part and DENIED in part**. The motions are **GRANTED** to the extent that the

parties' obligations regarding the duty to indemnify, alleged in Counts I-V, are **STAYED** pending the earlier of a ruling that there is no duty to defend, or resolution of the underlying action, and are otherwise **DENIED**.

2. Defendant Old Town Villages Condominium Association, Inc.'s Motion to Dismiss, Or In the Alternative, Motion to Stay the First Amended Complaint for Declaratory Relief (Doc. 26) is **DENIED without prejudice** as to its request for dismissal of Count V.

3. No later than **September 13, 2019**, the relevant parties will propose a schedule and procedure by which the duty to defend claims can be put before the Court for resolution.

4. Defendant A.J. Johns, Inc.'s Motion to Dismiss Count V of Plaintiffs' Amended Complaint (Doc. 72) is **GRANTED**. Count V of the Amended Complaint (Doc. 14 ¶¶ 66-74) is **DISMISSED with prejudice** as to A.J. Johns.[5] The Clerk shall terminate A.J. Johns as a party.

5. In future briefing, when the parties refer to contractual provisions or other evidence, they shall cite the CM/ECF docket entry number, page number, and paragraph number for the Court's reference. Merely citing an exhibit that is hundreds of pages long is insufficient. See Doc. 72 at 6; Doc. 84

---

[5] Given the basis for the Court's ruling, amendment of Count V as to A.J. Johns would be futile. The Court expresses no view of the viability of Count V vis-à-vis the remaining defendants.

at 2. Where possible, the parties shall also provide pin cites and parentheticals for case citations, as opposed to citing cases generally. See Doc. 72 at 8 ("See Ashcroft."); Doc. 86.

In addition, when filing voluminous exhibits, the parties shall call the Clerk of Court for assistance in filing them in one docket entry, as opposed to numerous separate entries. (See Doc. 14-5).

**DONE AND ORDERED** in Jacksonville, Florida the 15th day of August, 2019.

*[signature]*

TIMOTHY J. CORRIGAN
United States District Judge

sej
Copies:

Counsel of record