UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO: 3:18-cv-1530-J-32JRK

MONTPELIER US INSURANCE COMPANY and MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, a foreign corporation,

    Plaintiff,

v.

PORTOFINO OF ST. AUGUSTINE, LLC; JOHNSON-GRAHAM-MALONE, INC.; OLD TOWN VILLAGES CONDOMINIUM ASSOCIATION, INC.; A.J. JOHNS, INC.; BRADCORP FLORIDA II, LLC; BUILDER SERVICES GROUP, INC.; HWZ, LLC f/k/a HOGE-WARREN-ZIMMERMAN CO.; JLH ELECTRIC SERVICES, LLC; STRANGE LATHING & PLASTERING, INC.; and STANLEY SMITH DRYWALL, INC.

    Defendants.

_____//

**<u>DEFENDANT, BUILDER SERVICES GROUP, INC.'S MOTION FOR
PARTIAL SUMMARY JUDGMENT AND INCORPORATED
MEMORANDUM OF LAW</u>**

**COMES NOW** the Defendant, BUILDER SERVICES GROUP, INC. ("BSG"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 56, hereby moves for partial summary judgment with respect to Plaintiffs' claim in Count V of the First Amended Complaint for Declaratory Relief ("Amended Complaint") (doc. 14) which is based upon BSG's alleged duty to defend Portofino of St. Augustine, LLC ("Portofino"), and states the following in support:

**I.      Statement of Facts**

1.      Portofino was the developer of the Old Town Villages Condominium located in St. Johns County, Florida ("Project").  Amended Complaint, ¶¶ 28-38, Comp. Ex. "C" (doc. 14).

2.      Defendant, Johnson-Graham-Malone, Inc. ("JGM") was the general contractor for the Project pursuant to written contracts with Portofino.  Amended Complaint, ¶ 38, Comp. Ex. "C" (doc. 14).

3.      BSG was a subcontractor to JGM in connection with the construction of the Project pursuant to multiple written subcontract agreements.  Amended Complaint, ¶ 40, Comp. Ex. "D" (PageID 2433, 2466, 2500, 2533, 2566, and 2586[1]) (doc. 14); BSG's Answer and Affirmative Defenses, ¶ 40 (doc. 58).  There is no

---

[1] These PageID numbers reference the first page of each subcontract between BSG and JGM attached to the Amended Complaint as part of Composite Exhibit "D."

allegation that BSG and Portofino were in direct contractual privity in connection with the Project. *See generally* Amended Complaint (doc. 14).

4. All of BSG's subcontracts with JGM for the Project include an identical indemnification provision which reads:

> **64. INDEMNIFICATION.** Subcontractor shall indemnify and hold harmless Contractor and all of its agents and employees from and against all claims, damages, losses, costs and expenses including attorney's fees arising out of or resulting from the performance of Subcontractor's work under this Agreement, provided that any such claim, damage, loss, cost or expense is (a) attributable to bodily injury, sickness, disease, or death, or to injury to or destruction of tangible property (other than the work itself) including the loss of use resulting therefrom, and (b) caused in whole or in part by any intentional or negligent act or omission of : (1) Subcontractor; (2) anyone directly or indirectly employed by Subcontractor; or (3) any of Subcontractor's sub-subcontractors, materialmen,
>
> suppliers, laborers or agents. This indemnification provision shall apply regardless of whether the claim, damage, loss, cost or expense is also caused in part by a party indemnified hereunder. However, the Subcontractor's liability to Contractor under the foregoing indemnity shall be limited to that portion or percentage of the damage, loss, cost or expense that is attributable to the fault of Subcontractor, its direct or indirect employees, sub-subcontractors, materialmen, suppliers, laborers or agents. To the extent that this indemnification provision or any part thereof is determined to be unenforceable, then Subcontractor agrees that it shall indemnify and hold Contractor harmless to the fullest extent permissible by applicable law.

Amended Complaint, Comp. Ex. "D" (PageID 2446, 2479, 2512, 2546, 2579, and 2599) (doc. 14). As shown, this indemnification provision does not include a duty on the part of BSG to defend JGM in the event of claims against JGM arising out of BSG's work on the Project. In fact, a keyword search of each of BSG's subcontracts reveals that the word "defend" appears only once in each subcontract.[2] *See e.g.* Amended Complaint, Comp. Ex. "D" (PageID 2596) (doc. 14). The word "defense"

---

[2] "Defend" appears only in Paragraph 49 of each subcontract concerning JGM's right to withhold payment from BSG in order to defend itself from claims arising from BSG causing damage to the Project or from BSG's failure to pay for labor, services, or materials used in connection with the Project. This provision of the subcontracts is not applicable to the claim for defense raised by Plaintiffs in this action.

does not appear anywhere in BSG's subcontracts. Amended Complaint, Comp. Ex. "D" (PageID 2433-2621) (doc. 14).

5. Nonetheless, the Plaintiffs in this action, Portofino's insurers, allege in Count V of the Amended Complaint that:

> 67. Pursuant to their respective Subcontracts, each of the Subcontractors agreed to provide defense and indemnification to JGM in relation to their work at the Project.
>
> 68. In turn, and pursuant to the Master Contract, JGM likewise agreed to defend and indemnify Portofino for its work (including the work of the Subcontractors) at the Project.
>
> 69. Accordingly, the Subcontractors' defense and indemnity obligations ultimately pass through JGM to Portofino and Portofino is entitled to defense and indemnification from each of the Subcontractors in the Underlying Action.
>
> 70. As third-party beneficiary to the foregoing contracts, and on behalf of Portofino, MUSIC and Montpelier have tendered the defense and indemnity of Portofino to the Subcontractors and their insurers because MUSIC and Montpelier are defending Portofino while they may have no obligation to do so.

6. The plain language of BSG's subcontracts establish that BSG has no contractual duty to defend JGM and, therefore, no "pass through" duty to defend Portofino in connection with the claims at issue in the "Underlying Action."[3]

## II.   Concise Statement of Relief Sought

Based upon the undisputed material facts recited *supra*, and the legal authority discussed *infra*, BSG is entitled to summary judgment as to Count V of the Amended

---

[3] "Underlying Action" is as defined in Paragraph 29 of the Amended Complaint.

Complaint as it relates to Plaintiffs' request that this Court find and declare that BSG owes defense obligations to Portofino (or to the Plaintiffs) for the claims and damages at issue in the Underlying Action.

### III. Argument and Memorandum of Law

A duty to defend "is purely a statutory or contractual duty." *Allstate Ins. Co. v. RJT Enterprises, Inc.*, 692 So. 2d 142, 144 (Fla. 1997). There is no common law duty to defend. *Id.* As such, "in the absence of an express statutory or contractual duty to defend, there is no such duty." *Id.*; *see also Budget Rent A Car Systems, Inc. v. Taylor*, 626 So. 2d 976, 979 (Fla. 4th DCA 1993) ("It seems to us that if there is no contractual duty to defend in the parties' contract then there is no duty to defend.").

Here, BSG's subcontracts with JGM are devoid of any express duty on the part of BSG to defend JGM from claims or legal actions brought by third parties against JGM allegedly arising out of BSG's faulty performance of its scope of work on the Project, such as in the Underlying Action. Because "there is no contractual duty to defend in the parties' contract then" BSG has no obligation to defend JGM in connection with the Underlying Action. *Id.*

Although it is somewhat unclear, it appears that Plaintiffs contend that Portofino was an intended third-party beneficiary of BSG's subcontracts with JGM and, as such, BSG's alleged duties to defend JGM against the Underlying Action

5

somehow "pass through" to Portofino. Even if Portofino was an intended third-party beneficiary of BSG's subcontracts with JGM, which BSG vehemently disputes, Portofino would not be entitled to a defense of the Underlying Action from BSG. A third-party beneficiary "cannot have rights greater than the contracting party through whom it claims." *Moorings Development Co., Inc. v. Porpoise Bay Co., Inc.*, 487 So. 2d 60, 62 (Fla. 4th DCA 1986). As shown, JGM has no contractual right to a defense of the Underlying Action from BSG, so neither does Portofino (even if it is an intended third-party beneficiary of BSG's subcontracts).

To the extent the Plaintiffs are alternatively alleging that JGM's contractual duties towards Portofino under the prime contracts were somehow "crammed down" to or assumed by BSG and the other subcontractors such that BSG owes a defense obligation to Portofino, that argument must also fail. A review of the prime contracts between JGM and Portofino shows that JGM undertook a duty to defend Portofino only with respect to claims for royalty, patent, and license infringement. Amended Complaint, Comp. Ex. "C" (PageID 1820, 1884, and 1948). Such claims are not at issue in the Underlying Action. Amended Complaint, ¶ 34. Because JGM has no contractual duty to defend Portofino (outside of the referenced infringement claims), then BSG similarly has no duty even if it did indeed assume all of JGM's contractual obligations to Portofino.

This issue is ripe for summary judgment because it hinges entirely on a matter of law – interpreting the plain language of the written contracts attached to the Amended Complaint. *Central Nat'l Bank v. Palmer*, 806 F. Supp. 253, 256 (M.D. Fla. 1992). That plain language is devoid of any expression of a duty on the part of BSG to defend JGM from construction defect claims such as the Underlying Action. As such, Portofino has no right to a defense from BSG, even if it was an intended third-party beneficiary of BSG's subcontracts with JGM.

**WHEREFORE,** Builder Services Group, Inc. respectfully requests that this Court enter an Order awarding a partial summary judgment in its favor as to Plaintiffs' claims in Count V of the Amended Complaint based upon an alleged duty to defend Portofino or the Plaintiffs, and awarding it any further relief the Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>6th</u> day of December, 2019, a true and correct copy of the foregoing was filed via the Middle District of Florida CM/ECF Filing Portal, which will deliver electronic copies of this filing to the designated e-mail addresses for all counsel of record.

**BAIRD LAW, PLLC**

*Eddie Baird*
**EDDIE BAIRD, ESQ.**
Fla. Bar No.:  498629
**TRAVIS FULFORD, ESQ.**
Fla. Bar No.:  647756
1104 Solana Avenue
Winter Park, FL 32789
Phone:  (407) 906-7615
Email:   eddie@baird.law
Email:   travis@baird.law
*Counsel for Defendant,*
*Builder Services Group, Inc.*

8